## MIXSON v. HOLLEY.

The allegation in an affidavit that the lienor "has sold a portion of his crop and has refused to pay the amount due, with intent to defeat this lien," is sufficient to support a warrant to enforce an agricultural lien. This case distinguished from *Segler* v. *Coward*, 24 *S. C.*, 119.

Before COTHRAN, J., Aiken, April, 1886.

The opinion fully states the case.

*Mr. G. W. Croft*, for appellant.

*Messrs. Henderson Bros.*, contra.

March 11, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The respondent, Mixson, some time in 1885, gave an agricultural lien to Willis & Co., to secure a debt of $100, for money and supplies advanced by them to enable him to make a crop during said year. Mixson failed to pay the debt, and a warrant was issued by the clerk, upon an affidavit made by Willis, the important part of which, so far as this case is concerned, was in the following language, to wit: "That said F. M. Mixson has sold a portion of his crop and that said F. M. Mixson has refused to pay said sum of one hundred dollars, with intent to defeat this lien." Under the warrant the defendant, sheriff of Aiken county, seized and took into his custody some 200 bushels of corn and 2,500 lbs. of fodder. The

plaintiff, Mixson, gave bond under section 2404, General Statutes, and redeemed the property, and thereupon brought the action below against the sheriff, claiming that the lien had been satisfied, by a claim which he held upon W. A. Willis, one of the firm of Willis & Co., and also that the affidavit upon which the warrant was issued was insufficient. The Circuit Judge held the affidavit insufficient, and adjudged that the plaintiff was entitled to a verdict, which the jury rendered.

The main question in the appeal is the sufficiency of the affidavit. The respondent relies on *Segler* v. *Coward*, 24 *S. C.*, 119. There, however, the affidavit only stated "that Coward refuses to pay * * with intent to defeat said lien." Here the statement is that Mixson "has sold a portion of his crop, * * and has refused to pay said sum of $100, with intent to defeat this lien." The act provides, that if the person making the advances shall prove to the satisfaction of the clerk, by affidavit, that the person to whom the advances have been made is about to sell or dispose of his crop, or in any other way is about to defeat the lien, it shall be lawful for him to issue his warrant. The clerk in this case must have been satisfied of the intent of Mixson, or he would not have issued his warrant, and we think the facts stated were sufficient to satisfy him. Mixson had already sold a portion of the crop over which Willis & Co. had a lien, and had refused to pay the proceeds, or any other funds upon their claim. What higher evidence could have been furnished that Mixson intended to defeat the lien, than this? Surely, it could not be expected that Willis & Co. should wait until all of the crop was sold. If so, the lien, which the stringent provisions of the act were incorporated to protect and enforce, might have been defeated entirely. The agricultural contract gave Willis & Co. a lien upon the entire crop, and the sale and removal of any portion of it before payment of the advances, was to that extent weakening it, and lessening the security.

In the case of *Segler* v. *Coward, supra*, the property upon which the advances had been made, and to which the act looks, as the security for the payment of said advances had not been disturbed. It was still upon the premises, subject to the lien in the event of any effort on the part of the lienor to defeat said lien

by its removal or disposition, and there was no act by the lienor indicating any such purpose. He had done nothing more than refuse payment, which no doubt entitled the lienee to an action for the recovery of his claim, but not for the application of the stringent proceeding sought. Here, however, the lienor has not only refused payment, but has placed a portion of the property encumbered with appellant's lien beyond their reach, at least so far as he could do so, by a sale thereof, and then refused payment. We think that the appellants were well warranted in supposing that it was time for them to act.

It is the judgment of this court, that the judgment of the Circuit Court be reversed.